UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
OCT 23 2014
PER_____
DEPUTY CLERK

KASPER LAMAR DOBBS, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-14-1855
:
DONNA ZICKEFOOSE, : (Judge Kosik)
:
    Respondent :

**MEMORANDUM**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Kasper Lamar Dobbs, an inmate confined at the United States Penitentiary at Allenwood, Pennsylvania. The matter is presently before the court for screening. See 28 U.S.C. § 2243. Dobbs has paid the required $5.00 filing fee in this matter. For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

**I.    Background**

Dobbs challenges his federal conviction for Interference with Commerce by Violence (robbery) under the Hobbs Act, 18 U.S.C. § 1951(a), and firearms violations under 18 U.S.C. §§ 922 and 924 in the United States District Court for the Northern District of Iowa. Dobbs was sentenced to 444 months imprisonment. The Eighth

Circuit Court of Appeals affirmed the conviction and sentence on May 31, 2006. (Doc. 1-1 at 1-18.) A motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 was denied by the sentencing court on February 23, 2011. (Id. at 19-23.) In the instant § 2241 petition, Dobbs seeks to challenge his federal conviction and sentence based on the recent ruling in <u>Bond v. United States</u>, 134 S.Ct. 2077 (2014), which he contends establishes that the federal government did not have jurisdiction to prosecute his local crime without a clear indication from Congress that the Hobbs Act was intended to reach local crimes. He claims that a motion pursuant to § 2255 is inadequate or ineffective to test the legality of his detention, and that he should be permitted to seek relief by way of the instant § 2241 petition. He states that he has not sought permission with the Eighth Circuit Court of Appeals to file a second or successive § 2255 motion because he does not think he will meet the requirements for obtaining such relief. (Doc. 1 at 9.)

## II.  Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (1977)(Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). See, e.g., <u>Patton v. Fenton</u>, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979)(explaining that Rule 4 is "applicable to Section 2241 petitions through

Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n. 2 (3d Cir. 1999)(stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000)(finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Motions for relief under § 2255 must be filed in the district court where the defendant was convicted and sentenced. Here, Dobbs is clearly challenging his conviction and sentence. Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. See 28 U.S.C. § 2255(e)(stating that the motion must be filed in "the court which sentenced him").

As a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). "Section 2241 'is not an additional,

3

alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006)(quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)).

A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness must be "a limitation of scope or procedure ... prevent[ing] a § 2255 proceeding from affording ... a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002)(citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). The Petitioner has the burden of proving that § 2255 would be an inadequate or an ineffective remedy. Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001)(citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Section 2241 should not be used as a way of evading the gatekeeping requirements of section

4

2255. <u>Brown v. Mendez</u>, 167 F.Supp.2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971).

Here, it is apparent that Dobb's petition is not viable under 28 U.S.C. § 2241. In reviewing the petition, he admits that he has filed a § 2255 petition in the sentencing court thereby evidencing that his remedy by way a motion under § 2255 is not unavailable or inadequate. While the case upon which he attempts to rely in seeking relief was decided after his first § 2255 motion was decided, his current challenges to his conviction and sentence are not properly raised in a § 2241 petition at this time. He is first required to obtain leave from the appropriate United States Court of Appeals to file any second or successive § 2255 motion raising any new challenges not previously advanced in his first § 2255 motion.[1] Even then, it is only where a petitioner falls within the narrow exception outlined in <u>Dorsainvil</u> in which § 2241 relief could be sought in this court. In <u>Dorsainvil</u>, the Third Circuit held that

---

[1] Under the "gatekeeping" provision of the AEDPA, a defendant seeking to file a second § 2255 motion must obtain from the court of appeals having jurisdiction over the sentencing court an order authorizing the sentencing court to consider the second motion. A court of appeals may grant leave to file a second § 2255 petition only if the defendant presents (a) newly discovered evidence undermining the guilty verdict or (b) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." 28 U.S.C. § 2255. Without passing judgment on the ultimate success Dobbs would have in seeking any such permission, he admits in his pending petition that he has not sought such permission to file a second § 2255 motion.

§ 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. <u>Dorsainvil</u>, 119 F.3d t 251. For these reasons, the instant petition will be dismissed for lack of jurisdiction. An appropriate order follows.